**NOT FOR PUBLICATION**  **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MIGUEL GIL, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | |
|  | : | Civ. No. 06-2174 (WHW) |
| RELATED MANAGEMENT COMPANY, MANUEL RISUENO, SABRIN BASILE, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Miguel Gil ("plaintiff") moves to remand this matter to the Superior Court of New Jersey, Essex County Law Division. Defendants Related Management Company, L.P. ("Related"), Manuel Risueno, and Sabrin Basile (collectively "defendants") move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. The motions are decided without oral argument pursuant to Fed. R. Civ. P. 78. Plaintiff's motion to remand is denied and defendants' motion to dismiss is granted.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, a resident of New Jersey, was employed by Related (improperly named in the complaint as Related Management Co.) as a management technician from April 1995 until his termination on February 28, 2006. Throughout plaintiff's employment, Related maintained an

employment manual that provided that the company could issue written warnings to employees or place employees on probation if an employee failed to meet certain performance standards.

On April 13, 2006, plaintiff filed a complaint against Related in state court alleging wrongful termination. In count one, plaintiff alleged that Related's employment manual created a contract of employment, which plaintiff relied upon. In count two, plaintiff alleged that his termination was in breach of the employment manual and the implied contract of employment.

On May 1, 2006, plaintiff amended his complaint, naming as additional defendants Manuel Risueno ("Risueno"), plaintiff's direct supervisor, and Sabrin Basile ("Basile"), Related's district manager. Plaintiff restated his claims of breach of contract and breach of implied contract of employment against all defendants, and added a third count against all defendants alleging that plaintiff's termination was in breach of the covenant of good faith and fair dealing related to the implied contract of employment arising from the employment manual. Defendants Risueno and Basile are residents of New Jersey.

On May 12, 2006, Related filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332 and 1441.[1] On May 24, 2006, plaintiff moved to remand, arguing that the amended complaint filed on May 1, 2006, which named Basile and Risueno in addition to Related, destroyed diversity of citizenship. Defendants oppose plaintiff's motion and maintain that Basile and Risueno do not prevent removal based on the doctrine of fraudulent joinder. In addition, on May 18, 2006,

---

[1]Although plaintiff contends in his motion to remand that (1) he advised Related's counsel on April 21, 2006 of his intent to file an amended complaint; and (2) on three separate occasions he informed Related that an amended complaint was filed, (Pl. Br. at 3-4), Related notes it was never served with a copy of the amended complaint prior to removal. (Def. Opp'n Br. at 6).

Related filed a motion to dismiss for failure to state a claim upon which relief can be granted. Basile and Risueno joined the motion to dismiss on July 17, 2006.

## STANDARD OF REVIEW

**A.     Motion to Remand**

A defendant may remove a case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.  The District Court has original jurisdiction over matters between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  When a defendant removes a case from state court based on diversity jurisdiction, it must prove complete diversity: namely that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  For removal to be valid, diversity of citizenship must exist at the time the notice of removal is filed. In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006); Steel Valley Author. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), cert. dismissed, 484 U.S. 1021 (1988).

On a motion to remand, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quoting Steel Valley, 809 F.2d at 1012 n.6).  This Court must accept as true all factual allegations of the complaint, and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.  Batoff, 977 F.2d at 851-52.

While it is true that removal is invalid when the defendant fails to prove complete diversity, 28 U.S.C. § 1441(b), the Third Circuit has noted an exception to this rule in the form of fraudulent joinder.  The doctrine of fraudulent joinder, which does not prevent the removal of

-3-

non-diverse parties, is applied "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer v. Snap-On-Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985), appeal after remand, 694 F. Supp. 140 (1988)), cert. denied, 498 U.S. 1085 (1991). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). In sum, joinder is fraudulent where a plaintiff commits outright fraud in the pleadings of jurisdictional facts or the action against defendants is defective as a matter of law. See Boyer, 913 F.2d at 111-12 (holding that the court may not decide fraudulent joinder on the merits). Here, there is no allegation that plaintiff committed fraud, only that his joinder of Basile and Risueno has no merit under New Jersey law.

**B.     Motion to Dismiss**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation.  See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist.  See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).  "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)).

## DISCUSSION

**A.     Motion to Remand**

Before Related filed its notice of removal on May 12, 2006, plaintiff filed a First Amended Complaint on May 1, 2006 naming Risueno and Basile as individual defendants, and now seeks remand based on the fact that Risueno and Basile defeat diversity jurisdiction. Defendants challenge the motion to remand, arguing that there is no reasonable basis in fact or colorable ground supporting the claim against either Risueno or Basile.  In other words, because

plaintiff failed to allege a viable cause of action against Risueno or Basile, their joinder was fraudulent.

Plaintiff claims that Risueno and Basile wrongfully terminated his employment by not following the employment manual. He asserts that they violated both an express and implied contract of employment, and breached the covenant of good faith and fair dealing.

In order to allege a breach of contract claim, plaintiff must establish that a valid contract existed between the plaintiff and defendant. See Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 275 F. Supp. 2d 543, 566 (3d Cir. 2003) (holding that "to prevail on its breach of contract claim, defendant must prove . . . a valid contract existed between plaintiff and defendant"); Washington v. Cooper Hosp./Univ. Med. Ctr., No. 03-5791, 2005 WL 3299006, at *10 (D.N.J. 2005) (finding that "[t]o state a valid breach of contract claim, plaintiff must establish that (1) a valid contract existed between the plaintiff and defendant"); Nat'l Util. Serv., Inc. v. Chesapeake Corp., 45 F. Supp. 2d 438, 448 (D.N.J. 1999) (stating that "[t]o succeed on the motion for summary judgement on its breach of contract claim, [plaintiff] must prove that it had a valid and binding contractual relationship with [defendants]).

"Generally, of course, an agent of a disclosed principal, even one who negotiates and signs a contract for her principal, does not become a party to the contract." Bel-Ray Co., Inc. v. Chemrite Ltd., 181 F.3d 435, 445 (3d Cir. 1999) (citing Kaplan v. First Options of Chicago, Inc., 19 F.3d 1503 (3d Cir. 1994), rehearing en banc denied, 29 F.3d 111 (3d Cir. 1994), aff'd, 514 U.S. 938 (1995)). Here, the only express or implied contract at issue is Related's employment manual, and this manual does not create a contractual relationship between plaintiff and Risueno

or Basile. See Monaco v. Am. Gen. Assur. Co., 359 F.3d 296, 308 (3d Cir. 2004) (finding that "[i]n certain circumstances, a company's employment manual contractually can bind *the company*") (emphasis added), cert. denied, 543 U.S. 814 (2004); see also Witkowski v. Thomas J. Lipton, Inc., 136 N.J. 385, 398 (1994) (stating that "if a plaintiff can prove that an employment manual . . . could reasonably be understood by an employee to create binding duties and obligations between *the employer* and its employees, the manual will constitute, in effect, a unilateral offer to contract") (emphasis added).  Plaintiff alleges in his amended complaint that "*defendant Related Management* had in effect an employment manual . . . which created a contract of employment with plaintiff." (emphasis added) (Am. Compl. ¶ 6.)  It is clear that the alleged contract existed between the company defendant and plaintiff, not between plaintiff and his superiors.  See Galbraith v. Lenape Regional High School Dist., 964 F. Supp. 889, 897 n.4 (D.N.J. 1997) (finding that there is no contractual relationship between plaintiff and a supervisor); see also Nicholas v. Pa. St. Univ., 227 F.3d 133, 145 (3d Cir. 2000) (holding that, under Pennsylvania law, a supervisor cannot be liable for a breach of contract when there is no contractual relationship between the plaintiff and supervisor).  Because no contractual relationship did exist between plaintiff and the individual defendants Risueno and Basile, the claims against them for breach of express and implied contract are defective as a matter of law.

     Furthermore, in order for plaintiff to bring a valid cause of action for a breach of the covenant of good faith and fair dealing against the individual defendants, there must be a contractual relationship between the individual defendants and the plaintiff.  See Schlichtig v. Inacome Corp., 271 F. Supp. 2d 597, 606-07 (D.N.J. 2003) (holding that "because the Court has

concluded that the terms of this employee manual could not have given rise to an implied contract of employment, it necessarily follows that the manual's provisions do not contain an implied covenant of good faith"); Asen v. Cooper Hosp./Univ. Med. Ctr., No. 95-869, 1996 WL 347451, at *11 (D.N.J. June 7, 1996) ("[i]n the absence of an employment contract, 'there can be no breach of an implied covenant of good faith and fair dealing.'") (citation omitted).  Because no contract exists between plaintiff and either Basile or Risueno, the claim for breach of the implied covenant is likewise defective.

When there is plainly no valid cause of action against nondiverse defendants, courts in this circuit and without have denied remand based on fraudulent joinder.  See In re Briscoe, 448 F.3d at 219 (upholding the District Court's decision that the doctrine of fraudulent joinder prevented plaintiff's joinder of defendants because no colorable claims existed against those joined after the relevant statute of limitations period expired); Baer v. Hartford Mut. Ins. Co., No. 05-1346, 2005 WL 3054354, at *10 (E.D. Pa. 2005) (finding joinder to be fraudulent when the court invalidated the only viable cause of action against the joined party); see also Rodriguez v. Sabatino, 120 F.3d 589, 592 (5th Cir. 1997), cert. denied, 523 U.S. 1072 (1998) (finding that a defendant was fraudulently joined because the complaint stated no legal cause of action against him); Lobato v. Pay Less Drug Stores, Inc., 261 F.2d 406, 409 (10th Cir. 1958) (upholding the trial court's conclusion that certain defendants were fraudulently joined because there was no basis for the cause of action against them).

Because the employee manual does not create a contractual relationship between plaintiff and individual defendants, the Court finds that joinder was fraudulent and plaintiff's motion to remand is denied.[2]

**B.     Motion to Dismiss**

    **1.     Claims Against Related Management Company**

Having determined that remand is not warranted and retaining jurisdiction over the matter, the Court turns now to defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.  While the New Jersey Supreme Court has recognized that employee handbooks may be contractually enforceable, Woolley v. Hoffmann-LaRoche, Inc., 99 N.J. 284, 298 (1985), modified on other grounds, 101 N.J. 10 (1985), defendant asserts that no such implied contract exists because Related's employee handbook:

> includes a clear and prominently placed disclaimer . . . [providing] that: (i) nothing in the handbook shall be construed as an employment contract, (ii) all [Related] employees are employed at will, and (iii) [Related] may amend or terminate any of its policies in the handbook at any time, with or without notice.

(Def. Br. at 2.)  Based on this disclaimer language, defendant maintains that plaintiff's complaint must be dismissed as a matter of law.

---

[2] In both their opposition to remand and motion to dismiss, defendants request an award of costs and disbursements, including reasonable attorneys fees.  The awarding of fees in a removal action is at the discretion of the Court.  See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996) (holding that "a district court has broad discretion and may be flexible in determining whether to require the payment of fees").  The Court finds no reason to award attorney fees absent an allegation that plaintiff personally committed fraud.

Because the employee handbook is explicitly relied upon in plaintiff's complaint, the Court will consider the language of the entire handbook to decide whether, as a matter of law, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. See Mele, 359 F.3d at 255 n.5 (providing that a document relied on in a complaint may be considered in a motion to dismiss); Nicosia v. Wakefern Food Corp., 136 N.J. 401, 410-11 (1994) (finding that if an employee seeks to rely on the provisions in an employee handbook as the source of a contract of employment, he or she must accept the agreement as a whole).

The New Jersey Supreme Court has held:

> The basic test for determining whether a contract of employment can be implied turns on the reasonable expectations of employees. A number of factors bear on whether an employee may reasonably understand that an employment manual is intended to provide enforceable employment obligations, including the definiteness and comprehensiveness of the termination policy and the context of the manual's preparation and distribution.

Witkowski, 643 A.2d at 550. "The test, therefore, asks whether the relevant manual is written in such 'definite and comprehensive' language to create in an employee's mind a reasonable expectation of enforceable rights." Normand v. Goodyear Tire & Rubber Co., 2005 WL 1657032, *4 (D.N.J. 2005). However, "[e]ven if the 'definiteness and comprehensiveness' of the termination policies are sufficient to create contractual expectations, the employer may still overcome the implied contract by including a 'clear and prominent disclaimer.'" Id. (citation omitted). The Court finds that the language of the disclaimer in Related's employee handbook is clear and located in a prominent place to overcome plaintiff's allegation that the handbook establishes a contractual relationship between Related and plaintiff.

### A.     The Language of the Employee Handbook Is Clear

An adequate disclaimer in an employee manual "should state: (1) that there is no promise of any kind contained in the manual; (2) that regardless of the contents of the manual, the employer remains free to change all working conditions without consultation or agreement; and (3) that the employer retains the power to fire anyone with or without cause." Washington, 2005 WL 3299006, at *10 (citing Nicosia, 136 N.J. at 412). "An effective disclaimer must be expressed in language 'such that no one could reasonably have thought [the handbook] was intended to create legally binding obligations." Nicosia, 136 N.J. at 413 (citing Woolley, 99 N.J. at 299).

The disclaimer in Related's employment handbook clearly states that the handbook does not create a legally binding obligation: "[n]othing in this handbook shall be construed as a contract of employment." (See Affidavit of Sherry L. Scurfield ("Scurfield Aff."), Ex. 2.) Additionally, the disclaimer satisfies the three part test that has emerged to determine the adequacy of an employer's disclaimer. First, it makes clear that Related did not include any "promises" within the handbook: "[i]f there are any differences between this handbook and Company procedure or benefits booklets and documents, the procedure or booklets or documents prevail." Id. The disclaimer also provides that Related maintains the ability to change any conditions without consultation: "[t]he Company continually reviews its personnel policies and employee benefits and reserved the right to modify, supplement, amend or terminate any of the policies and benefits described in this handbook at any time, with or

without notice." Id.  Finally, Related retains the power to fire an employee without cause by including in the disclaimer the statement: "[t]he employment of all Company employees is 'at will.'  This means that both the Company and the employee have the right to terminate employment at any time, with or without notice, with or without cause." Id.

Plaintiff challenges the adequacy of Related's disclaimer by comparing it to that in Nicosia, where the New Jersey Supreme Court found that a disclaimer contained "confusing legalese" that did not satisfy the Woolley "clear and prominent" standard. Nicosia, 136 N.J. at 414-15. However, the Nicosia court cited, as an example of straightforward language, a disclaimer that expressly advises employees that he or she is subject to discharge at will–a disclaimer that was lacking in that case. Id. at 560.  Here, Related's disclaimer specifically provides that each employee is an "at will" employee, and the language of the disclaimer as a whole mirrors the straightforward language in disclaimers that this Court has previously determined did not create a legally binding obligation. See Normand, 2005 WL 1657032, at *6 (holding that a disclaimer which stated that the employee manual is "not intended to create nor to be construed to constitute a contract or implied contract of continued employment or future employment" was sufficiently clear to remove any contractual obligations of the employer); Warner v. Federal Express Corp., 174 F. Supp. 2d 215, 226-27 (D.N.J. 2001) (finding that an employment handbook which stated that "[t]hese benefits and policies in no way constitute an employment contract" was sufficiently clear for an employee to know that the handbook did not provide any contractual rights).

In further support of his claim that an implied contract existed based on the employee manual, plaintiff notes a New Jersey appellate court decision that a disclaimer did not negate the intent to create a contractual right or obligation because the court determined that a company memorandum created "an enforceable commitment . . . that the company [would] endeavor (impliedly in good faith) to avoid termination." Geldreich v. American Cyanamid Co., 299 N.J. Super. 478, 485-86 (1997). The Geldreich court held that the "unqualified requirements" of employee termination procedure in the memorandum, combined with the fact that the disclaimer was located in a separate policy manual and provided only a general statement that company memoranda were "not intended to create a contractual right," caused the disclaimer to fall "short of passing muster under Woolley." Id. at 484-86. That case is distinguishable. Here, the disclaimer is located in the same document as the termination provisions. Also, Related's disclaimer directly qualifies the termination procedures of employees, stating that "the Company and the employee have the right to terminate employment at any time, with or without notice, with or without cause." (Scurfield Aff., Ex. 2.) Unlike Geldreich, the language of Related's disclaimer does pass muster under Woolley.

Based on the clear disclaimer language, no employee would have reasonably thought that the handbook was intended to create a legally binding obligation.

### B. The Disclaimer Is In A Prominent Location Within the Employee Handbook

While the "prominence" requirement can be met in many ways, the general rule is that "a disclaimer must be separated from or set off in a way to attract attention." Nicosia, 136 N.J. at 415. "However, 'no single distinctive feature is essential *per se* to make a disclaimer

conspicuous,' as courts recognize that a variety of different settings can be used to grab the attention of the reader." Normand, 2005 WL 1657032, at *6 (quoting Nicosia, 136 N.J. at 416). The prominence requirement is satisfied if a reasonable employee would have noticed and read the disclaimer. Nicosia, 136 N.J. at 416.

Related's disclaimer is located within a bordered section of the first page of the table of contents, with the title, "Non-Contract Disclaimer," printed in bold and capitalized letters. (Scurfield Aff., Ex. 2.) Notwithstanding the prominence of the disclaimer, plaintiff cites Jackson v. Georgia- Pacific Corp., 296 N.J. Super. 1 (App. Div. 1996), to support the proposition that, as a matter of law, the disclaimer is not in a prominent location because it appears only in the table of contents of the employee handbook and not in the termination section. (Pl. Opp'n Br. at 8.) However, the Jackson court merely found that placement of the disclaimer within the termination section would lend further support for the conclusion that the disclaimer was prominently displayed; it did not make such placement a requirement. Jackson, 296 N.J. Super. at 15. This Court has found that a disclaimer, offset by a border and written in bold type, is prominently displayed when located at the beginning of an employee handbook. See Washington, 2005 WL 3299006, at *11 (finding that a disclaimer that "physically appears in the 'Introduction' section and is set off in bold type and surrounded by a border" was prominently displayed); Normand, 2005 WL 1657032, at *6 (holding that a reasonable employee would have noticed and read a disclaimer located in the first paragraph of the first page of the employment manual). The Court now holds that Related's disclaimer satisfies the prominence requirement.

Because the disclaimer satisfies the clarity and prominence requirements outlined in Woolley, the Court determines that Related's employee handbook did not create a contractual relationship between Related and plaintiff and plaintiff's Counts I and II of his Amended Complaint are therefore dismissed as to Related..

        **C.**     **Nowhere In the Amended Complaint Did Plaintiff Allege Violation of an Oral Agreement**

Plaintiff also relies on Shebar v. Sanyo Bus. Systems Corp., 218 N.J. Super. 111 (App. Div. 1987), aff'd, 111 N.J. 276 (1988) and Gilbert v. Durand Glass Mfg. Co., Inc., 258 N.J. Super. 320 (App. Div. 1992) to argue that "a written policy simply need not exist, if the employer has created a progressive discipline and just cause policy based on oral representations and actual cause policy based on oral representations and actual practice." (Pl. Opp'n Br. at 9.) However, nowhere in his amended complaint does plaintiff allege that Related created a contractual relationship with him based on "a progressive discipline and just cause policy based on oral representations" or "an actual cause policy based on oral representations and actual practice."

Even if plaintiff had asserted these allegations in his complaint, Shebar and Gilbert do not support his contention that Related's termination policies based on oral representations constituted a contractual obligation. As the Gilbert court noted, "[t]he Supreme Court's holding in Shebar is . . . not dispositive here, since plaintiff never alleged that [the employer] made a specific, individual oral agreement with [plaintiff] setting forth the conditions of termination." 258 N.J. Super. at 328. While the court in Gilbert recognized that an oral representation can contractually bind an employer and employee if the "employee reasonably believes that a

particular personnel policy has been established and is applied consistently and uniformly to each employee," 258 N.J. Super. at 329, that court further noted that:

> there are simple ways for the employer to put to rest any ambiguity concerning whether there exists a company policy of giving notice prior to termination. All that need be done is the dissemination among the employees of an appropriate and prominent written disclaimer that any such termination policy exists.

Id. at 521 (citing Woolley, 99 N.J. at 309). As discussed, Related maintained a prominent and valid disclaimer such that plaintiff's claims of oral representations are mooted.

### D. There Is No Valid Claim for Breach of the Covenant of Good Faith and Fair Dealing

To assert a valid claim for a breach of the covenant of good faith and fair dealing against Related, there must be a contractual relationship between Related and the plaintiff. See Schlichtig, 271 F. Supp. 2d at 606-07 (holding that "because the Court has concluded that the terms of this employee manual could not have given rise to an implied contract of employment, it necessarily follows that the manual's provisions do not contain an implied covenant of good faith"); Asen v. Cooper Hosp./Univ. Med. Ctr., No. 95-869, 1996 WL 347451, at *11 (D.N.J. June 7, 1996) ("[i]n the absence of an employment contract, 'there can be no breach of an implied covenant of good faith and fair dealing.'") (citation omitted). Because no contract exists between Related and plaintiff, Count III for breach of the implied covenant against Related is dismissed.

### 2. Claims Against Manuel Risueno and Sabrin Basile

As evidenced by plaintiff's amended complaint, the only allegation of the existence of an express or implied contract stems from Related's employment manual. As discussed, the

-16-

manual does not create a contractual relationship between plaintiff and Risueno or Basile. See Monaco, 359 F.3d at 308 (3d Cir. 2004) (finding that "[i]n certain circumstances, a company's employment manual contractually can bind *the company*") (emphasis added); see also Witkowski, 643 A.2d at 553 (stating "if a plaintiff can prove that an employment manual . . . could reasonably be understood by an employee to create binding duties and obligations between *the employer* and its employees, the manual will constitute, in effect, a unilateral offer to contract") (emphasis added).

This Court has dismissed contract claims asserted by employees against individual supervisors. See Galbraith v. Lenape Regional High School Dist., 964 F. Supp. 889, 897 n. 4 (D.N.J. 1997) (finding that there is no contractual relationship between plaintiff and a supervisor); see also Nicholas v. Pa. St. Univ., 227 F.3d 133, 145 (3d Cir. 2000) (holding that under Pennsylvania law, a supervisor cannot be liable for a breach of contract when there is no contractual relationship between the plaintiff and supervisor). Because no contractual relationship exists between plaintiff and the individual defendants Risueno and Basile, the claims against them for breach of express and implied contract (Counts I and II) are dismissed.

The claim for a breach of the covenant of good faith and fair dealing against Risueno and Basile also fails. See Schlichtig, 271 F. Supp. 2d at 606-07 (finding that because "the terms of this employee manual could not have given rise to an implied contract of employment, it necessarily follows that the manual's provisions do not contain an implied covenant of good faith"). Because no contract exists between plaintiff and either Basile or Risueno, the claim against them for breach of the implied covenant (Count III) is dismissed.

## CONCLUSION

Plaintiff's motion to remand is DENIED and defendants' motion to dismiss is GRANTED.

s/William H. Walls
United States Senior District Judge

**Appearances**

Emanuel S. Fish
Counselor at Law
2040 Millburn Avenue
Maplewood, New Jersey 07040
    Attorney for Plaintiff

Robert N. Holtzman
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
    Attorneys for Defendants